UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOMINIC C. WRIGHT,

     Petitioner,

v.                                     CASE NO. 6:06-cv-1822-Orl-18KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

     Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 19).

Petitioner alleges four claims for relief in his habeas petition: three claims of ineffective assistance of counsel and one claim based on the state court's failure to have an evidentiary hearing during his state collateral proceedings.

*I.*    *Procedural History*

Petitioner was charged by information with one count of attempted carjacking (count one), one count of robbery with a firearm (count two), one count of aggravated

assault (count three), one count of kidnapping with intent to commit a felony (count four), and one count of burglary of a dwelling (count five). On June 2, 2003, pursuant to a written plea agreement, Petitioner pled nolo contendere to counts one, two, and five of the information in exchange for a recommendation of a ten-year minimum mandatory sentence to be followed by two years of community control and three years of probation.[1] The state trial court accepted the plea and sentenced Petitioner on July 31, 2003, to three concurrent, ten-year minimum mandatory sentences to be followed by two years of community control and three years of probation. Petitioner did not appeal his convictions or sentences.

Petitioner filed a motion for mitigation of sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure. The state trial court denied the motion.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850(c)of the Florida Rules of Criminal Procedure. The state trial court denied relief, and Petitioner appealed. The Fifth District Court of Appeal of Florida *per curiam* affirmed. Mandate issued on September 29, 2006.

*II.    Legal Standards*

*A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

---

[1]Counts three and four of the information were nolle prossed.

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions;

the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432

F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the

clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d

831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by [the United States
> Supreme Court] on a question of law or if the state court decides a case
> differently than [the United States Supreme Court] has on a set of materially
> indistinguishable facts. Under the 'unreasonable application' clause, a
> federal habeas court may grant the writ if the state court identifies the correct
> governing legal principle from [the United States Supreme Court's] decisions
> but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

state court's decision "was based on an unreasonable determination of the facts in light of

3

the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

4

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.  *Analysis*

A.   *Claim One*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to advise him of the affirmative defense of "independent act." In support of this claim, Petitioner contends that he told his attorney that his three co-defendants "exceeded the scope of the original plan." (Doc. No. 1 at 5.) Petitioner maintains that counsel did not inform him of his right to have the jury instructed regarding the defense of independent act, but instead told him that his co-defendants had implicated him and he should take the plea.

5

Petitioner raised this claim in his Rule 3.850 motion.  Applying *Strickland*, the state court denied relief.  *See* App. at 159.  The state court reasoned that counsel was correct in "advising [Petitioner] that [his] co-defendants . . . gave depositions indicating that it was [Petitioner] and Davis who committed the crimes charged."  *Id.*  The state court further noted that Petitioner had confessed that he knew of the plan to commit a carjacking.  *Id.*  For these reasons, the state court concluded that counsel could not have successfully pursued an independent act defense.  *Id.*  The state court further noted that at the plea and sentencing hearing Petitioner indicated that he was satisfied with counsel's representation.  *Id.*

> Pursuant to Florida law,
>
> The "independent act" doctrine arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, "which fall outside of, and are foreign to, the common design of the original collaboration." *Dell v. State*, 661 So. 2d 1305, 1306 (Fla. 3d DCA 1995) (quoting *Ward v. State*, 568 So. 2d 452 (Fla. 3d DCA 1990)).  Under these limited circumstances, a defendant whose cofelon exceeds the scope of the original plan is exonerated from any punishment imposed as a result of the independent act. *Id. See also Parker v. State*, 458 So. 2d 750 (Fla. 1984).  Where, however, the defendant was a willing participant in the underlying felony and the murder resulted from forces which they set in motion, no independent act instruction is appropriate. *See Lovette v. State*, 636 So. 2d 1304 (Fla. 1994); *Perez v. State*, 711 So. 2d 1215 (Fla. 3d DCA), *review denied*, 728 So. 2d 204 (Fla. 1998), and *cert. denied*, 526 U.S. 1120, 119 S. Ct. 1772, 143 L. Ed. 2d 801 (1999); *State v. Amaro*, 436 So. 2d 1056 (Fla. 2d DCA 1983).

*Ray v. State*, 755 So. 2d 604, 609 (Fla. 2000).

The record indicates that all three of Petitioner's co-defendants implicated Petitioner in the offenses.  Petitioner's three co-defendants stated that Petitioner and another of his co-defendants exited Petitioner's vehicle and held a man at gunpoint, ordering him into

6

his vehicle with the intent to carjack the man's car. *See* App. at 112-37. Moreover, at the plea hearing, Petitioner's trial counsel advised the state court that Petitioner was aware that his three co-defendants had been deposed and were prepared to testify against him. *Id.* at 143-44. As such, this Court cannot conclude that trial counsel rendered ineffective assistance by failing to advise Petitioner of the "independent act" defense and jury instruction. It is clear from the record that all of Petitioner's co-defendants implicated Petitioner in the offenses and would have testified against him. Thus, trial counsel cannot be deemed deficient for failing to advise Petitioner of a defense that counsel seemingly found not to be applicable in light of the evidence and would in all probability have been unsuccessful. Accordingly, this claim is denied pursuant to § 2254(d).

### B.   *Claim Two*

Petitioner asserts that trial counsel rendered ineffective assistance by leading him to believe that his co-defendants' testimony would be given more credibility than his testimony. Petitioner maintains that he told counsel that his co-defendants were lying; however, trial counsel failed to inform him that as a matter of law he had the right to a jury instruction advising the jury that the testimony of an accomplice should be received with great caution.

Petitioner raised this claim in his Rule 3.850 motion. Applying *Strickland,* the state court denied relief. *See* App. at 162.

Again, the Court notes that at the plea hearing, trial counsel advised the Court in Petitioner's presence that all three of his co-defendants had been deposed and were

prepared to testify against Petitioner. Trial counsel indicated that Petitioner knew that he faced a maximum sentence of life in prison if convicted. *See* App. at 143.

Even allowing for an instruction regarding the credibility of his co-defendants, the Court notes that all three of Petitioner's co-defendants implicated Petitioner and were prepared to testify against him. Moreover, based on their deposition testimony, it appears that his co-defendants would have testified that Petitioner in large part was the ringleader. Finally, even had Petitioner gone to trial and testified that he was innocent, his own statement would have been admissible against him and would have impeached his credibility. As such, the Court finds that the state court's determination that counsel did not render deficient performance nor was prejudice established is neither contrary to, nor an unreasonable application of, federal law. Accordingly, this claim is denied pursuant to § 2254(d).

### C.   *Claim Three*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to object to the trial court accepting his plea without a factual basis. In support of this claim, Petitioner argues that the evidence presented at the sentencing and plea hearings "was insufficient as a matter of law to prove beyond a reasonable doubt that [he] committed the allege [sic] charged criminal offenses." (Doc. No. 1 at 12-13.)

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. The state court reasoned that at the plea hearing, the trial court

8

"announced that it had heard the motion to suppress, as well as the pleas and proffers from the co-defendants, [and] the State also provided a factual basis. . . ."  (App. at 162, 164.)

"Only when a defendant proclaims his innocence while pleading guilty have federal courts required a judicial finding of some factual basis for the plea as an essential part of the constitutionally required finding that the plea was voluntary." *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982) (citing *North Carolina v. Alford*, 400 U.S. 25, 38 n. 10 (1970)); *see also Meyers v. Gillis*, 93 F.3d 1147, 1151 (3rd Cir. 1996) ("Put simply, the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea, and the failure of a state court to elicit a factual basis before accepting a guilty plea does not in itself provide a ground for habeas corpus relief under 28 U.S.C. § 2254.")

The record establishes that Petitioner did not proclaim his innocence at the plea hearing.  Thus, the trial court was not required pursuant to federal law to elicit a factual basis before accepting Petitioner's plea.  As such, trial counsel was not deficient for failing to object to the purported lack of a factual predicate nor was Petitioner prejudiced by counsel's failure to do so.  Accordingly, this claim is denied pursuant to § 2254(d).

### D.    Claim Four

Petitioner asserts he was denied an evidentiary hearing in his Rule 3.850 proceedings.  Procedurally, it is clear that this claim is not properly reviewable in a federal habeas proceeding.  "A habeas petition must allege that the petitioner's detention violates the constitution, a federal statute, or a treaty. . . .  [A] petition alleging errors in the state

post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.), *cert. denied*, 493 U.S. 1012 (1989).

In *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his Rule 3.850 motion because it did not conduct an evidentiary hearing and because its opinion denying relief failed to attach those portions of the record on which it relied.  The Eleventh Circuit Court of Appeals held that the state trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the petitioner's detention, and it did not state a basis for habeas relief. *Id.* at 1567; *see also Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.) ( "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted) (citation omitted), *cert. denied*, 469 U.S. 823 (1984).[2]   In claim four, Petitioner alleges errors in the state post-conviction review process which are not addressable through habeas corpus proceedings; consequently, it must be denied.

---

[2]In *David v. Price*, No. CIV. A. 97-7643, 1998 WL 404546, at *2 (E.D. Pa. July 15, 1998), the district court noted that "the majority of Circuits have held that . . . deficiencies [or errors in state post-conviction proceedings] are not reviewable in federal habeas proceedings." The district court also listed those circuits in the majority and the one circuit in the minority.

*IV.    Conclusion*

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1, filed November 29, 2006) filed by Dominic C. Wright is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2.     The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 7 day of December, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sc 12/6
Counsel of Record
Dominic C. Wright

11